Washington,        Town of Calais v. Lyman N. Hall.
July,
1839.        An action before a justice of the peace, under the 2d section of the act of
        1817, in addition to the pauper acts, for transporting a pauper from one
        town to another, without an order of removal, when the damages claim-
        ed  do not exceed $10, is not appealable.

This was an action on the case, brought upon the second
section of an act entitled " an act in addition to and amen-
dment of an act defining what shall be deemed and ad-
judged a legal settlement, &c.," passed November 4th,
1817, (statute 382,) to recover damages against the defen-
dant which accrued to the plaintiffs for the support of a fa-
mily of paupers, having no settlement in the town of Calais,
who were, as the plaintiffs averred, transported into said town
by the defendant, without an order of removal, with intent
to make said town chargeable with their support.   The ac-
tion was brought before a justice of the peace; and the dam-
ges were laid at ten dollars.   Judgment having been render-
ed, by the justice, in favor of the plaintiffs, the defendant ap-
pealed to the county court.   The appeal was entered in the
county court, and, on motion of the plaintiffs, the said court
dismissed the action for the want of appellate jurisdiction.
The defendant excepted to the decision.

W. P. Briggs, for defendant.

By the statute of 1797, giving power and authority to jus-

tices of the peace in the trial of causes, it is enacted in the proviso to the 4th section thereof, that "any person who shall think himself or herself aggrieved by the sentence or judgment given or rendered by such justice, shall have liberty to appeal therefrom to the next county court," &c.   And by the 5th section of the act of 1821, it is provided, "that the judgment of a justice of the peace shall be final between the parties in all cases where the sum demanded does not exceed ten dollars—provided, that this section shall not be construed to extend to any prosecution for a fine or *penalty*."

The *ad damnum*, being $10, and the claim presented being less than $10, is the case appealable by the providing clause to the 5th section of the act of 1821.

. 1. Is this a prosecution for a penalty ?   Penalty is a term derived from the French and incorporated into our language, and is defined by the best lexicographers to mean *punishment*, *censure*, *judicial infliction*.   The term forfeiture is defined by Blackstone to be a punishment annexed by law to some illegal act or negligence.   2 Bl. Com. 267.   Hence the terms penalty and forfeiture are treated by able writers on jurisprudence as nearly synonymous.

2. The best way to expound a statute is to consider what answer the legislators would probably have given to the question if proposed to them. Plowd. 465.  Suppose that the legislature of 1821 had been inquired of whether an appeal could be taken from the decision of a partial magistrate, upon the plaintiff's declaration, would they not say "this statute of 1817 was before us when we added the proviso to the ten dollar final jurisdiction, and we intended to provide for such a case ?"

3. Is not the extorting of money from the defendant, without any *quid pro quo*, a punishment for an alleged illegal act, and is it not, then, a penalty for such illegal act ?   And, if a penalty, then the county court has appellate jurisdiction. Call it by whatever name we may, is it not within the true intent and meaning of the proviso ?   And, if within the intent and meaning, it is within the excepted cases.   15 Johns. 358.   14 Mass. 88.   1 Aik. 342.

4. The second section of the act of 1817, provides, that whoever shall do as the plaintiff alleges defendant has

done in this case, "shall forfeit and pay a sum not exceeding five hundred dollars, and shall, from time to time, be liable to pay damages for the support," &c. Can a statute be much more highly penal, that does not extend to imprisonment or loss of life or limb? Because, it will be seen, that the payment of the $500 and the support of the poor person are copulatively connected together, and constitute, together, the forfeiture or penalty.

5. This clause of the statute comes within that class of statutes which are considered not for the public good, inasmuch as it gives away the property of a citizen ; therefore, it should be construed strictly. *Calady* v. *Pilkington*, 12 Mod. 13. Held by Treby, C. J., "the act being for giving away the right of the subject, it ought to be construed strictly,"—and by Holt, J., that "if an act of parliament be ever so charitable, if it give away the property of the subject it ought not to be countenanced."

*O. H. Smith*, for plaintiffs.

The 5th section of the act in addition to the several acts defining the powers of justices of the peace, provides, "that the judgment of a justice of the peace shall be final between the parties in all cases where the sum demanded does not exceed ten dollars," with a proviso that this section shall not be construed to extend to any prosecution for a fine or penalty.

We contend that this is not a prosecution for a penalty. The rule is, where a statute gives an action to a stranger to recover a forfeiture, he is a common informer. In that case, the action is penal, though it is otherwise where the statute gives damages, either single or accumulative, as a compensation to the party aggrieved. 3 Vt. R. 266. 1 Swift's Dig. 585.

The opinion of the court was delivered by

BENNETT, J.—This action having been commenced before a justice of the peace, the only question presented for our consideration, is, had the county court appellate jurisdiction of the cause ?

By the 5th section of the act of 1821, in addition to the several acts defining the powers of justices of the peace, it is provided that the judgment of the justices shall be final between the parties, in all cases where the sum demanded does not exceed ten dollars, with a proviso that it is not to extend

Washington,
July,
1839.

Calais
v.
Hall.

to any prosecution for a fine or penalty. Is the action now before the court a prosecution for a fine or penalty ? If so, then the appellate jurisdiction of the county court is not taken away by the 5th section of the justice act.

By the 2d section of the act of 1817, regulating legal settlements and provisions for the support of the poor, the section first gives a penalty, not exceeding five hundred dollars, against any person who shall transport or aid in transporting any poor person unable to support himself from one town in this state to another town, with the intent to make such latter town chargeable with the support of such poor person, to be recovered by the overseers of the poor of such town by an action of trespass on the case. The same section further provides that the person guilty of such act, "shall, from time to time, be liable to pay to such town all such damages as shall accrue for the support and maintenance of such poor person," to be recovered in the same way.

This action is founded upon this latter clause of the section, and I think it apparent that this is not a prosecution for a fine or penalty. Whenever a penalty is inflicted upon the offender for the breach of a statute, simply as a means of giving effect to the statute itself, it is a penal statute. If the sum to be recovered is given specifically to the party aggrieved, as the means of redress, the statute is usually termed a remedial one. The statute of Winton, which enables a person who has been robbed to recover against the Hundred the sum taken from him, is an instance of a statute purely remedial, inasmuch as the party only recovers to the extent of his loss. A statute may in part be remedial and in part penal. The statute of the 29th of Eliz. ch. 4, gives an action of debt to recover treble damages against the sheriff who takes more poundage on the levying of an execution than the statute allows. This statute, to the extent of the single damages, may be considered remedial, but, beyond that, it is penal against the sheriff. So one clause in a section of a statute may be *remedial* and another *penal*. That clause in our statute which gives a penalty against the person transporting the poor person, with an intent to make the town chargeable with the support of such person, is strictly penal, though the penalty is given to the party aggrieved. The clause upon which this action is founded is

purely remedial. The party aggrieved recovers such sum, only, as they have been compelled to expend for the support and maintenance of such poor person. The recovery is simply an indemnity for the money paid out, and a satisfaction for the injury which had accrued in consequence of the wrongful act of the defendant. In no point of view, then, can this clause in the section of the statute be regarded as penal in its consequences. This action is given for the redress of a civil wrong, and is purely remedial in its character. It does not fall within the proviso to the 5th section of the act of 1821, relative to the powers of a justice of the peace, and was not, therefore, appealable.

The judgment of the county court must, therefore, be affirmed.